Lamb v Unknown Offs. of the Dept. of Health Mental Hygiene's Offs.

2026 NY Slip Op 02973

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deborah Lamb, et al., appellants,

v

Unknown Offices of the Department of Health Mental Hygiene's Offices, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2021-02137, 2021-04602, (Index No. 2079/20)

Paul Wooten, J.P.

Helen Voutsinas

Janice A. Taylor

James P. McCormack, JJ.

Deborah Lamb and John Mecca, Kings Park, NY, appellants pro se.

Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983 and for injunctive relief, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 25, 2021, and (2) an order of the same court dated March 10, 2021. The order dated February 25, 2021, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and to enjoin the plaintiffs from commencing any new actions or filing any further motions pertaining to the facts and circumstances alleged in this action without first obtaining leave of the court. The order dated March 10, 2021, denied the plaintiffs' application for permission to file a motion for leave to serve and file an amended complaint. Justice Voutsinas has been substituted for former Justice Miller (see 22 NYCRR 1250.1[b]).

ORDERED that the order dated February 25, 2021, is affirmed insofar as appealed from; and it is further,

ORDERED that the appeal from order dated March 10, 2021, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]; JPMorgan Chase Bank, N.A. v Aspilaire, 188 AD3d 850, 851), and leave to appeal has not been granted (see Cascardo v Stacchini, 100 AD3d 675, 677); and it is further,

ORDERED that one bill of costs is awarded to the defendants.

This action represents the latest in a series of lawsuits commenced by the plaintiffs, pro se, in the federal and state courts over the last 20 years, in which the plaintiffs claim that various government officials have allegedly participated or acquiesced in covertly implanting electromagnetic devices inside the plaintiffs' bodies and, by doing so, violated, inter alia, the plaintiffs' rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution (see Lamb v Governor for N.Y. State, 90 AD3d 716; Lamb v Cuomo, 2017 WL 75760, *1-2, 2017 US Dist LEXIS 2262, *1-4 [ED NY, No. 16-CV-6568 (JS) (AKT)]). The plaintiffs commenced the instant action against parties who had been named as [*2]defendants in certain of the subject prior actions, including the Attorney General of the State of New York, Letitia James, and the New York State Office of Mental Health, sued herein as Unknown Offices of the Department of Health Mental Hygiene's Offices, among other things, to recover damages for civil rights violations pursuant to 42 USC § 1983, for libel-based defamation against the Attorney General, and for various forms of injunctive relief. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and to enjoin the plaintiffs from commencing any new actions or filing any further motions pertaining to the facts and circumstances alleged in this action without first obtaining leave of the court. The plaintiffs opposed. In an order dated February 25, 2021, the Supreme Court, inter alia, granted the defendants' motion. The plaintiffs appeal.

The Supreme Court properly determined that the complaint failed to comply with the pleading requirements of CPLR 3014 and, upon determining that dismissal with leave to file a proper pleading would be futile under the circumstances, properly directed that the complaint be dismissed with prejudice accordingly (see Island Surgical Supply Co. v Allstate Ins. Co., 32 AD3d 824; Sibersky v New York City, 270 AD2d 209; Joffe v Rubenstein, 24 AD2d 752).

The Supreme Court properly determined that the defamation cause of action asserted against the Attorney General, premised upon a letter sent by the Attorney General to the United States Court of Appeals for the Second Circuit in a prior federal action based on similar allegations as set forth by the plaintiffs herein, should be dismissed pursuant to CPLR 3211(a)(7). Under the circumstances, the letter was privileged, as a matter of law, and, thus, cannot be the basis for a defamation cause of action (see Brady v Gaudelli, 137 AD3d 951, 951-952; Impallomeni v Meiselman, Farber, Packman & Eberz, 272 AD2d 579, 580). The court also properly directed dismissal of the remaining causes of action (1) pursuant to CPLR 3211(a)(5), as barred by res judicata and collateral estoppel, because they were raised and dismissed, in effect, on the merits, in the prior federal and state actions, in which the plaintiffs had a full and fair opportunity to litigate their claims (see Altman v Orseck, 235 AD3d 818; Benzemann v Citibank N.A., 149 AD3d 586, 587; Lamb v Governor for N.Y. State, 90 AD3d at 716; Bank v Brooklyn Law School, 297 AD2d 770, 770), and (2) pursuant to CPLR 3211(a)(7), as the plaintiffs' factual allegations are "inherently incredible" (Mensah v Polytechnic Univ., 68 AD3d 411, 412; see Leon v Martinez, 84 NY2d 83, 87-88; Hughes v Vento, 226 AD3d 753, 754; Sweeney v Sweeney, 71 AD3d 989, 991; Tyler v Carter, 151 FRD 537, 537-538 [SD NY], affd 41 F3d 1500 [2d Cir]).

"[P]ublic policy mandates free access to the courts and zealous advocacy is an essential component of our legal system" (Rossrock Fund II, L.P. v Toledo, 186 AD3d 1441, 1442 [internal quotation marks omitted]; see DiSilvio v Romanelli, 150 AD3d 1078, 1080). However, "a litigant can forfeit that right by abusing the judicial process through vexatious litigation" (Rossrock Fund II, L.P. v Toledo, 186 AD3d at 1442 [internal quotation marks omitted]; see Dimery v Ulster Sav. Bank, 82 AD3d 1034, 1035). In such cases, it is not improper for the court to enjoin a litigant from further filings pertaining to the allegations in a given action without the court's permission (see Rossrock Fund II, L.P. v Toledo, 186 AD3d at 1442; see DiSilvio v Romanelli, 150 AD3d at 1080). The same rules apply to pro se litigants, who, although afforded some latitude, are not entitled to rights greater than any other litigant and may not disregard court rules or deprive an adversary of rights normally enjoyed by an opposing party (see Bank of Am., N.A. v Afflick, 172 AD3d 1146, 1147; Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1254; Mirzoeff v Nagar, 52 AD3d 789). Since the plaintiffs have abused the judicial process through vexatious litigation in this case in a manner similar to the pattern of behavior they exhibited during the prior federal cases which garnered them a filing injunction from the federal court (see Lamb v Cuomo, 2017 WL 75760, *2, 2017 US Dist LEXIS 2262, *4), the Supreme Court properly granted that branch of the defendants' motion which was to enjoin the plaintiffs from commencing any new actions or filing any further motions pertaining to the facts and circumstances alleged in this action without first obtaining leave of the court (see DiSilvio v Romanelli, 150 AD3d at 1080).

WOOTEN, J.P., VOUTSINAS, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court